## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DWIGHT HARRIS**                                    **CIVIL ACTION**

**VERSUS**                                           **NO. 18-0857**

**JEAN LOVETT, SKY NOBLE, NURSE**                    **SECTION "J"(4)**
**KAREN, R.N.**

## ORDER AND REASONS

Before the Court is the plaintiff Dwight Harris's **Motion for Leave to File a Supplemental Complaint (Rec. Doc. No. 12)**, seeking leave to include additional defendants and claims related to the alleged excessive force asserted in his original complaint.  Harris filed a *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Jean Lovett, Medical Administrator at Jefferson Parish Correctional Center ("JPCC"), Assistant Medical Administrator Sky Noble, Nurse Karen, JPCC Deputy Chief Sue Ellen Monfra, and Deputy Marcus Borne seeking compensatory and injunctive relief for the alleged violations of his constitutional rights.[1]

In his complaint,[2] Harris alleges that, on October 1, 2017, he was falsely arrested and beaten by Deputy Borne and other Jefferson Parish sheriff's deputies.  He further claims that the medical staff at JPCC has shown deliberate indifference to his injuries and other medical conditions, including pain, sleep apnea, nerve pain, kidney stones, ulcerative colitis, joint damage, several herniated discs, and arthritis.  He claims that the medical staff's negligence and indifference have caused him stress, depression, and anxiety.

---

[1]Rec. Doc. No. 1.

[2]On May 17, 2016, the Court conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny.  Rec. Doc. No. 7.  The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991).  The Court has considered Harris's *Spears* Hearing testimony in addressing this motion.

In the instant motion, Harris seeks to add two deputies as defendants and to assert additional claims of medical indifference and claims arising from the alleged incident of excessive force forming the basis of some of his original claims against Deputy Borne.

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.  Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id*.  In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).  When addressing a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).  An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id*. (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003)).

Harris seeks to add Jefferson Parish Sheriff's Deputy Mark Giamaria as a defendant alleging that the Deputy violated his constitutional rights against cruel and unusual punishment and caused injury through false imprisonment, falsified police reports, and malfeasance in office,

2

all related to the alleged excessive force incident.  He also seeks to add Jefferson Parish Sheriff's

Deputy Jenkins for alleged violations of his constitutional rights through her use of excessive force.

Harris further requests that this court review his current incarceration and criminal writ application

which was denied by the state courts.  He also reiterates his complaints that his medical problems

are not properly addressed by the prison medical personnel.[3]

A court may consider several factors in resolving a motion to amend under Fed. R. Civ. P.

15(a), which include undue delay, bad faith or dilatory motive, the repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice, and futility of amendment.  The

record does not reflect that the amendment is untimely or unduly prejudicial.  The Court's main

focus under Rule 15(a) is the futility of the proposed supplemental claims.  *Stripling v. Jordan

Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000).  In determining the futility of a proposed

amendment, the Court must determine whether the plaintiff has pled "enough facts to state a claim

to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." (internal quotations omitted)  *In Re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007))

(footnote omitted).  In keeping with this standard, an amended complaint would be futile and the

court need not grant leave to amend when the proposed claims are time-barred.  *Newby v. Enron

Corp.*, 542 F.3d 463, 469 (5th Cir. 2008); *Soliz v. Bennett*, 150 F. App'x 282, 286 (5th Cir. 2005).

Assuming that the allegations asserted by Harris are true, he has presented sufficient factual

information to at least assert § 1983 claims against the two new defendants and to supplement his

---

[3]Harris also asks the Court to have summons and the original complaint reissued to Deputy Borne at a different address.  Deputy Borne has already made an appearance and answered the original complaint, thereby availing himself of the Court's jurisdiction and rendering this request unnecessary.

claims of medical indifference as stated in the original complaint and in his *Spears* Hearing testimony. However, to the extent Harris requests that this Court consider and review the propriety of his current incarceration, criminal proceedings, and state court criminal writ applications, and the rulings thereon, he has failed to present a cognizable claim under § 1983. Any collateral review of the constitutionality of his incarceration or criminal proceedings must be presented in the proper habeas corpus proceedings. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *see also*, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To that extent, the motion is futile. Accordingly,

**IT IS ORDERED** that Harris's **Motion for Leave to File a Supplemental Complaint (Rec. Doc. No. 12)** is **DENIED in part** as to his request for review of his state court criminal writ application and the propriety of his current incarceration and state criminal proceedings.

**IT IS FURTHER ORDERED** that Harris's **Motion for Leave to File a Supplemental Complaint (Rec. Doc. No. 12)** is **GRANTED in part** as to his supplemental claims of medical indifference and excessive force and to include his claims against the two additional defendants, Deputy Mark Giamaria and Deputy Jenkins.

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL** file and docket a copy of **Rec. Doc. No. 12, pages 1 and 2 ONLY**, as Harris's First Supplemental Complaint, and add Deputy Mark Giamaria and Deputy Jenkins as defendants. Service of the complaint and supplemental complaint as necessary shall be made in accordance with Fed. R. Civ. 4(c)(3) at the addresses of record and as provided in the supplemental pleading.

New Orleans, Louisiana, this 12th day of June, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**