## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DWIGHT HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-0857** |
| **JEAN LOVETT, ET AL.** | **SECTION "J"(4)** |

## ORDER AND REASONS

The plaintiff, Dwight Harris, filed a **Motion for Writ of Habeas Corpus (Rec. Doc. No. 29)** requesting that the Court issue a writ of habeas corpus for his release from "illegal" custody pursuant to 28 U.S.C. § 2241, § 2254.  In support, Harris includes lengthy and rambling commentary regarding the circumstances of his arrest and his discomfort in prison which he claims entitles him to his immediate release.

Construing the pro se pleading broadly, Harris includes claims related to the legality of his current detention and prosecution and urges them against persons who are not parties to this pro se and *in forma pauperis* civil rights suit under 42 U.S.C. § 1983.  To the extent he seeks to supplement his petition or rely on such claims as a means to obtain injunctive relief, he has failed to prove his entitlement to supplement his pleadings under Fed. R. Civ. P. 15.

In fact, Harris has already been denied the opportunity to includes such claims and relief in his case when this Court in part denied his Motion to Amend (Rec. Doc. No. 12) by Order (Rec. Doc. No. 19) issued June 12, 2018.  As Harris was notified in that Order, to the extent he requests that this Court consider and review the propriety of his arrest, his current incarceration, and his state court criminal proceedings, he has failed to present a cognizable claim under § 1983 and any amendment to include such claims would be futile.  Any collateral review of the constitutionality of his incarceration or state criminal proceedings must be presented in the proper habeas corpus

proceedings. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *see also, Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In addition, any related request for injunctive relief from his current incarceration pursuant to § 2241 and/or § 2254 are inappropriate in this § 1983 proceeding and any other monetary relief for his alleged illegal incarceration would likely be barred from review at this time under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court does not find that Harris has submitted this pleading in good faith and his attempt to include habeas corpus related claims is futile. He seeks his release from prison as remedy for his civil rights claim which is not an available remedy nor are his habeas corpus related claims appropriate in a civil rights suit. Accordingly,

**IT IS THEREFORE ORDERED** that Harris's **Motion for Writ of Habeas Corpus (Rec. Doc. No. 29)** is **DENIED**.

New Orleans, Louisiana, this  20th  day of August, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**