# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWIGHT HARRIS | CIVIL ACTION |
| VERSUS | No. 18-857 |
| JEAN LOVETT, ET AL. | SECTION: "J"(1) |

## **ORDER**

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 62)** by Defendant Karen Belmudes. Plaintiff Dwight Harris, proceeding *pro se*, has not responded to the motion. On frivolousness review pursuant to 28 U.S.C. § 1915A, the Magistrate Judge determined that Plaintiff's claims against Belmudes were not frivolous.[1]

Plaintiff was diagnosed with three kidney stones while incarcerated.[2] He alleges he requested treatment but Belmudes, the registered nurse on duty, ignored his pain.[3] As a result, he filed an emergency medical request because he experienced pain while urinating and asked the sergeant on duty to call her about his complaints.[4] Plaintiff further alleges that he was then taken to medical but Belmudes failed to provide him with medical care.[5]

In her motion, Belmudes contends that Plaintiff's claims are directly contradicted by his medical records.[6] Specifically, she contends that she saw Plaintiff

---

[1] (Rec. Doc. 41, at 13).
[2] *Id*. at 4.
[3] *Id*.
[4] *Id*.
[5] *Id*. at 5, 12.
[6] These records were submitted as an attachment to an earlier motion to dismiss. (Rec. Doc. 24-1).

on January 20, 2018, and conducted a urinalysis on him, the results of which were negative or normal. She also advised him of his next appointment.

In considering a motion to dismiss, the Court ordinarily must limit itself to the contents of the pleadings and attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the Court may consider documents attached to a motion to dismiss "'if they are referred to in the plaintiff's complaint and are central to [his] claim.'" *Id.* (citation omitted). As Plaintiff's pleadings refer to his medical records and he brings a claim of medical indifference against Belmudes, his medical records are properly considered here. *See id.*

Plaintiff's medical records reflect that he was seen by Belmudes on January 20, 2018, after complaining about his kidney stones.[7] Belmudes informed him that three "tiny," non-obstructing kidney stones were found and conducted a urinalysis on him, the results of which were "clear, yellow, and negative."[8] Plaintiff's medical records indicate that he "repeatedly" asked for pain medication, but Belmudes did not take his vital signs because he was "calling this nurse 'piece of shit' [sic] and making hostile remarks."[9] Belmudes also reminded him that he had a scheduled appointment in approximately two days.[10]

Thus, the record reflects that Belmudes did not treat Plaintiff not because of deliberate indifference, but because his condition was not sufficiently severe and because he was being belligerent and uncooperative. *See Gobert v. Caldwell*, 463 F.3d

---

[7] (Rec. Doc. 24-1, at 132).
[8] *Id.*; *see also id.* at 31.
[9] (Rec. Doc. 24-1, at 132).
[10] *Id.*

339, 345 (5th Cir. 2006) (stating that, for a claim of medical indifference, a plaintiff "must first prove exposure to a substantial risk of serious harm"); *see also id.* at 346 n.25 ("Failure to comply with medical instructions is another factor for [courts] to consider in evaluating deliberate indifference."). Additionally, to the extent Plaintiff brings state law claims against Belmudes for the deficient medical care he received, he has failed to provide any evidence that his claims were submitted to the medical review panel before filing this action. *See* LA. REV. STAT. ANN. § 40:1231.8; *Castellanos v. Jefferson Par. Corr. Ctr.* No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Karen Belmudes's *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 55)** is **GRANTED**, and Plaintiff's claims against her are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 24th day of September, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE